## In re NILES.

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

COSTS IN SURROGATES' COURTS—APPEAL.

Under Code Civil Proc. N. Y. § 2561, providing that the surrogate, upon rendering a decree, where there has been a contest, may, in his discretion, allow such costs, not exceeding $70, as he may deem reasonable, and, in addition, $10 for each day exceeding two spent in the trial, the fixing of such costs, within the statutory limit, is discretionary with the surrogate, and cannot be reviewed on appeal.

Appeal from surrogate's court, Kings county.

Application by Nathaniel Niles for an allowance of costs upon settlement of his account as administrator of the estate of Chauncey S. Stevens, deceased. From an order making such allowance, the contestants, Hannah M. Stevens and Elizabeth S. Miller, appeal. Code Civil Proc. N. Y. § 2561, provides that, in a case other than one tried by jury, "the surrogate, upon rendering a decree, may, in his discretion, fix such a sum to be allowed as costs, in addition to disbursements, as he deems reasonable, not exceeding, * * * where there has been a contest, $70, and in addition thereto, where a trial or hearing upon the merits before the surrogate necessarily occupies more than two days, ten dollars for each additional day," etc.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles Lyons, Jr.*, for appellants. *Joseph N. Tuttle*, for respondent.

PRATT, J. It was clearly within the discretion of the surrogate to fix such a sum to be allowed as costs in addition to disbursements as he deemed reasonable, not exceeding $70, where there has been a contest, and, in addition, he may allow the sum of $10 for each day in excess of two spent upon the trial. It cannot be said that there has been an abuse of discretion when the amount allowed is within the statute, as it is in this matter. We think, however, under the circumstances disclosed in this case, an allowance of the $70 as costs, in addition to disbursements, would have amply answered the demands of justice. Not only would that sum have been a sufficient allowance, but it would have complied with the decision of the court of appeals in this matter. We cannot, however, review an order clearly within the discretion of the surrogate, where there has been no abuse of said discretion. There seems to be no remedy for the appellant in this matter, unless it be a reargument before the surrogate, as that order is final and conclusive on the question of costs.